FILED
2017 Mar-31  PM 02:52
U.S. DISTRICT COURT
N.D. OF ALABAMA

## IN THE UNITED STATES DISTRICT COURT
## IN AND FOR THE NORTHERN DISTRICT OF ALABAMA
## NORTHEASTERN DIVISION

| | |
|---|---|
| **MARGO CRAIG, on behalf of** ) <br> **herself and all Other Employees or** ) <br> **Former Employees of the ALTEGRA** ) <br> **HEALTH OPERATING COMPANY** ) <br> ) <br> **Plaintiffs,** ) <br> ) <br> ) <br> **vs.** ) <br> ) <br> **ALTEGRA HEALTH OPERATING** ) <br> **COMPANY INC.** ) <br> ) <br> **Defendants.** ) | Civil Action No.: _____ <br><br> **CLASS ACTION** <br><br> **Plaintiff Demands a** <br> **Trial by Jury** |

## COMPLAINT

COME NOW, Plaintiff, Margo Craig on behalf of herself and all other similarly-situated employees or former employees Altergra Health Operating Company Inc. and files this Complaint against Altegra Health Operating Company and, in support thereof, shows as follows:

### INTRODUCTION

Altegra Health Operating Company Inc. is a healthcare data retrieval and analysis company employs nurses such as the Plaintiff to work from home reviewing medical records as Medical Record Field Reviewers.  Nurses, including the Plaintiff, were not to receive any compensation for their time (other than training) until after have completed a patient chart review.

However, before she was even given a chart to review, Defendant required that Plaintiff monitor her email on a daily basis, at least twice per day, by logging into its system that frequently required time-consuming updates before she could actually see

and review email. Defendant, however, failed to pay her for this required daily activity. During the entire duration of employment with Defendant, the Plaintiff did not receive one assignment for file review. Despite this, she continued to review in email, as required, on a daily basis.

Further, Plaintiff experienced difficulties with the assigned electronic equipment provided by Defendant and was required to spend a great deal of time on her personal telephone working with Defendants computer lab to correct faulty equipment issues. Defendant again refused to compensate Plaintiff for the time required to fix the computer related issues. Further, Defendant refused to compensate Plaintiff for the use of her personal telephone during this time. All of these actions directly violate a number of state and federal laws including the Fair Labor Standards Act. This is a class action seeking wages for each hour worked during the forty-hour work week.

## PARTIES

1. Plaintiff Margo Craig is above the age of nineteen (19) and was, at all times relevant hereto, a resident of Madison County, Alabama, and a citizen of the United States of America. As per the allegations *infra*, she has standing to prosecute this action.

2. Defendant Alterga Health Operating Company Inc. is a Delaware corporation, and was, at all times relevant hereto, licensed to do business as a medical managed care and revenue management solutions company.

## JURISDICTION AND VENUE

3. This action arises under the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §§ 201-219 (1988), including 29 U.S.C. § 216(b) ("FLSA").

4. Altegra Health Operating Company Inc. are employers engaged in

commerce pursuant to the FLSA and 29 U.S.C. § 203(s)(1)(A)(i) and (ii), and, at all times material hereto, engaged in business within the meaning of the FLSA.

5.     Altegra Health Operating Company Inc. employed the Plaintiff and other similarly-situated employees within the meaning of the FLSA, is engaged in interstate commerce, and has an annual gross volume of sales meeting or exceeding the jurisdictional requirements of the FLSA.

6.     Altegra Health Operating Company Inc. directly and by and through its duly-authorized agents, participated in payroll decisions involving the Plaintiff and others similarly-situated, and intentionally, knowingly, and willfully failed to compensate the Plaintiff and others similarly-situated in accordance with the minimum wage provisions of 29 U.S.C. § 206 and the overtime provisions of 29 U.S.C. § 207.

7.     This Court maintains subject matter jurisdiction under 29 U.S.C. § 216(b), and 28 U.S.C. § 1337.

8.     Venue is proper in this Court as the unlawful employment practices alleged herein have been committed within the Northern District of Alabama.

## FACTUAL AVERMENTS

### FACTS COMMON

9.     Altegra Health Operating Company Inc. is a healthcare data retrieval and analysis company that partners with national insurance companies to perform medical chart reviews at providers' offices, medical facilities and hospitals.  Defendant began operations in Alabama in October, 2012.

10.    Altegra Health Operating Company Inc. employs medical professionals, computer professionals and other staff members to conduct its operations.

11.     Defendants, Plaintiff, and similarly-situated employees, regularly engage in interstate commerce.

### PLAINTIFFS' ALLEGATIONS

12.     Margo Craig started her employment with the Defendant on or about June 26, 2015 as a Field Reviewer.

13.     Ms. Craig was to be paid on a "per chart review" basis plus travel and expense reimbursement.  She was not a salaried employee.

14.     Ms. Craig spent the majority of her time training and calendaring events, working computer related IT issues and logging onto her email account as required and sending email to her managers requesting status of assignment.  She spent approximately 103.03 hours during the course of her employment completing these tasks and approximately 1.25 hours working with the IT Department to fix computer related issues via her personal telephone.

15.     Plaintiff attempted to submit her hours worked for compensation but the Defendant refused to compensate her or accept her time.

16.     Ms. Craig terminated her employment, in writing, on November 12, 2015 due to an unsatisfactory work environment and non-receipt of assignments.

17.     Ms. Craig was re-instated on January 23, 2016.

18.     Plaintiff attempted to submit her hours worked for compensation but the Defendant refused to compensate her or accept her time.

19.     Ms. Craig again terminated her employment, in writing on June 10, 2016 again due to an unsatisfactory work environment, non-receipt of assignments and continued computer IT related issues.

20. During her employment, Ms. Craig was not paid an hourly wage for all hours worked as required by State law.

21. During her employment, Ms. Craig was not paid at least minimum wage for all hours worked as required by the FLSA.

22. Ms. Craig did work that does not satisfy any exemption available to her under the FLSA.

23. As an employee, Ms. Craig was to paid on a "per chart review" basis, plus travel and expenses. Ms. Craig completed the daily review of email for assignments as required by Defendant.

## CLASS ALLEGATIONS

24. Margo Craig brings this action on behalf of herself and all other similarly-situated employees and former employees of to recover unpaid minimum wages, liquidated damages, attorneys' fees, costs, and other relief under the provisions of the FLSA.

25. Other, similarly-situated employees are or were employed by Defendant and are referred to herein as "similarly-situated employees" or "others similarly-situated."

26. Plaintiff, and others similarly-situated, performed and/or perform duties for the Defendant and were and are subject to the provisions of the FLSA regarding the payment of wages.

27. During the period from in or around June 4, 2015 to the present, Defendant, on numerous occasions, employed and continue to employ Plaintiff and others similarly-situated during the workweek and failed and refused to compensate them

for such time worked in violation of the provisions of 29 U.S.C. §§ 206(a) and 207(a).

28. Defendant was required by law to keep and retain possession of records showing the hours worked and wages to be paid to Plaintiff and others similarly-situated.

29. Defendant was aware of the provisions of the FLSA requiring wages to be paid to Plaintiff and others similarly-situated, but deliberately or in reckless disregard of the Act willfully failed to pay wages due and lawfully owed to the Plaintiff and others similarly-situated.

30. Defendant by and through their duly-authorized agents, failed to act in good faith and had no reasonable grounds for believing that they were not violating the FLSA.

31. Plaintiff is aware of other, similarly-situated individuals who were not paid in accordance with the FLSA.

## CAUSES OF ACTION

### COUNT I
### VIOLATION OF THE FAIR LABOR STANDARDS ACT

32. Plaintiff reasserts the averments set forth in Paragraphs 1 through 31 hereof, as though fully set forth herein.

33. By the actions and omissions described herein, the Defendant violated the FLSA as to the Plaintiff, and individuals similarly-situated. By the actions and omissions described herein, Defendants violated 29 U.S.C. §§ 206(a) and 207(a) as to all of Plaintiffs, and as to individuals similarly-situated.

WHEREFORE, Plaintiff, Margo Craig on behalf of herself and all other similarly-situated employees or former employees of, Altergra Health Operating Company Inc. pray for the following relief:

a.  The Court accept jurisdiction of this matter;

b.  The Court declare Defendants' conduct to have violated 29 U.S.C. §§ 206(a) and 207(a) as to all of Plaintiffs, and as to individuals similarly-situated;

c.  The Court enter an injunction against Defendant to stop violating federal law;

d.  The Court enter a judgment against Altergra Health Operating Company Inc., in the amount due them and others similarly-situated as the same may hereafter be identified and named prior to or at trial, as unpaid wages, liquidated damages, interest, and costs under the provisions of the Fair Labor Standards Act;

e.  The Court enter judgment for a reasonable attorneys' fee and costs against Altergra Health Operating Company Inc.  The Court enter judgment for pre- and post-judgment interest against Altergra Health Operating Company Inc.

f.  The Court enter such other, different, and further relief, including equitable, to which Plaintiff and others similarly-situated are entitled as the Court deems just and proper.

## COUNT II
### UNJUST ENRICHMENT

34.  Plaintiff reassert the averments set forth in Paragraphs 1 through 31 hereof, as though fully set forth herein.

35.  Defendant required Plaintiff to work and reaped the benefit of same without paying the named Plaintiff any hourly wage at all.

36.  Plaintiff worked hours for which she was not compensated.

37.  As a consequence, Defendant have been unjustly enriched.

38.  Despite demand, Defendant has failed and/or refused to disgorge their

unjust gains.

## COUNT III
### QUANTUM MERUIT

39. Plaintiffs reassert the averments set forth in Paragraphs 1 through 31 hereof, as though fully set forth herein.

40. Defendant was required to log onto her email account to receive and/or confirm receipt of new assignments and to regularly update her computer to be able to access her email account with the company.

41. Further, when it became clear that the computer program was not working adequately, Plaintiff worked diligently with the Defendant's computer IT staff to isolate and correct the problem.

42. Plaintiff honored her commitment to her employer and performed required tasks on a daily basis. Plaintiff is entitled to the reasonable value of the services performed for which Defendant has not yet paid.

43. Plaintiff performed services for Defendant at the Defendant's request.

44. Plaintiff has requested payment from Defendant for the reasonable value of the services she performed. However, the Defendant has refused, and continues to refuse to compensate Plaintiff for services rendered.

45. As a direct and proximate result of Defendants' failure to pay Plaintiff for services rendered, Plaintiff has suffered damages in an amount to be proven at trial.

WHEREFORE, Plaintiff request that this Court enter an injunction requiring Defendants to conduct an equitable accounting, condemn their unjust gains to a constructive trust and disgorge the *res* of same to Plaintiff via resulting restitution, together with such other, further and different relief as the Court deems proper.

**JURY DEMAND**

Plaintiff demands trial by struck jury.

Submitted this the 31st day of March, 2017.

/s/ Teri Ryder Mastando
Teri Ryder Mastando (ASB-4507-E53T)
Eric J. Artrip (ASB-9673-I68E)
D. Anthony Mastando (ASB-0893-X32B)
MASTANDO & ARTRIP, LLC
301 Washington St., Suite 302
Huntsville, Alabama 35801
Phone: (256) 532-2222
Fax:    (256) 513-7489
teri@mastandoartrip.com
artrip@mastandoartrip.com
tony@mastandoartrip.com

**DEFENDANTS TO BE SERVED VIA CERTIFIED MAIL AT:**

Altegra Health Operating Company
c/o CT Corporation Systems
2 North Jackson Street, Suite 605
Montgomery, AL 36104