UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

**MARGO CRAIG, on behalf of**
**Herself and all Other Employees or**
**Former Employees of the ALTEGRA**
**HEALTH OPERATING COMPANY**

    **Plaintiff,**

v.

    **Case Number:**
    **5:17-cv-00505-MHH**

**ALTEGRA HEALTH OPERATING**
**COMPANY, INC.,**

    **Defendant.**

_____/

**JOINT MOTION FOR APPROVAL OF SETTLEMENT AND**
**STIPULATION OF FACTS AND SUPPORTING**
**MEMORANDUM OF LAW**

Plaintiff Margo Craig and Defendant Altegra Health Operating Company, Inc. have settled Plaintiff's claims as set forth in the Confidential Full Release and Settlement Agreement ("Agreement"), which has been delivered to the Court for *in camera* review and approval under separate cover to preserve the confidentiality of the Agreement.  The Parties submit the following stipulation of facts to support their request for Court approval pursuant to the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 216 et seq. ("FLSA").  The Parties request that the Court

enter an Order approving the Agreement and dismissing the case in its entirety with prejudice, with each Party to bear their own costs (See Proposed Order of Dismissal attached as Exhibit A). As grounds for the Court's approval of the Agreement, the Parties stipulate as follows:

1. Plaintiff originally filed her Complaint against Defendant in this Court on March 31, 2017 (Doc. 1), alleging FLSA unpaid wage claims as well as Alabama common law claims of unjust enrichment and quantum meruit. Defendant filed its Answer denying Plaintiff's claims on May 12, 2017. (Doc. 5)

2. Following service of the Complaint and the Answer, the Parties exchanged initial disclosures and completed their Rule 26 Parties' Planning Meeting on June 1, 2017. During the Rule 26 Parties' Planning Meeting, the Parties began discussing the alleged and disputed facts and the possibility of settling Plaintiff's claims. As alleged in the Complaint, Plaintiff claims she worked approximately 104.28 straight-time hours without compensation. The Complaint does not allege Plaintiff worked overtime hours. During Plaintiff's employment with Defendant, Plaintiff was to be paid per chart for all "Completed Work," a defined term. During Plaintiff's employment, Defendant did not assign Plaintiff any work and therefore Plaintiff did not fulfill any Completed Work.

Plaintiff believes she should have been paid for checking her emails to see if work was available and addressing computer-related issues.

3. Plaintiff made a settlement demand that contained two components: (1) unpaid wages and (2) attorneys' fees. The parties negotiated each of these categories of alleged damages and ultimately reached a settlement of the alleged claims. The Parties then prepared and agreed upon the Agreement, which all Parties have executed.

4. The Parties represent that as a result of this settlement, Defendant will pay Plaintiff an amount representing at least 100% of her claimed and disputed alleged damages for the FLSA, unjust enrichment, and quantum meruit claims. Plaintiff does not claim unpaid overtime wages. Plaintiff executed a Declaration, which is attached to her Agreement, in which she confirmed that she agrees that the settlement amounts she received fully compensates her for any and all damages she could have recovered. (*See* Declaration at ¶¶ 4-5.) The Parties further represent that the settlement amount for Plaintiff includes a reasonable attorneys' fee to Plaintiff's counsel for the work performed on the behalf of Plaintiff in this case. As demonstrated by the fact that Defendant has agreed to pay 100% of the Plaintiff's claimed and disputed damages, the Parties' arms' length negotiation of

3

the claimed attorneys' fees and costs did not adversely affect the settlement amount to be paid Plaintiff.

5. The Parties stipulate that they had a bona fide dispute regarding whether claimed unpaid wages were owed because there existed disputed issues of fact regarding the claimed hours worked by Plaintiff and Plaintiff's alleged regular rate of pay. The Parties, therefore, agreed to resolve the matter at this stage in order to avoid the cost, time, and uncertainty involved in litigating the issues of liability and damages.

6. Because Plaintiff asserted Alabama common law claims of unjust enrichment and quantum meruit in addition to FLSA claims, the Parties' agreed upon full release and confidential settlement agreement is permissible. *See*, *e.g.*, *Glaster v. Elso Landmark Residential Management, LLC*, 2015 WL 1530637, *2 (N.D. Ala. April 6, 2015) (where this Court approved a full release and confidentiality provision where the plaintiff asserted state law claims in addition to FLSA claims); *see also Hardy v. Mid-South Bells, LLC*, 15-cv-01526-MHH (N.D. Ala. Oct. 28, 2016) (allowing the parties to maintain the confidentiality provision in the settlement agreement because the settlement covers not only FLSA claims but also a state law claim and because the supervisor responsible for the alleged FLSA violations no longer worked for the defendant).

7. The Parties stipulate that no party is prejudiced by the settlement of Plaintiff's claims.

WHEREFORE, Plaintiff and Defendant respectfully request that this Court accept and approve the Agreement and enter an Order approving the Agreement and dismissing the case in its entirety with prejudice and with each party to bear their own costs.

## MEMORANDUM OF LAW

Under the FLSA, binding settlements of back wage and liquidated damage claims are permitted when the court enters a stipulated judgment upon determining that a settlement proposed by an employer and employee is a fair and reasonable resolution of a bona fide dispute. *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1355 (11th Cir. 1982); *see also Silva v. Miller*, 307 Fed.Appx. 349, 351 (11th Cir. 2009). In detailing the reasons for court approval, the Eleventh Circuit has reasoned as follows:

> [s]ettlements may be permissible in the context of a suit brought by employees under the FLSA for back wages because initiation of the action by the employees provides some assurance of an adversarial context. The employees are likely to be represented by an attorney who can protect their rights under the statute. Thus, when the parties submit a settlement to the court for approval, the settlement is more likely to reflect a reasonable compromise of disputed issues than a mere waiver of statutory rights brought about by an employer's overreaching. *If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or*

> *computation of back wages, that are actually in dispute; we allow the district court to approve the settlement in order to promote the policy of encouraging settlement of litigation.*

*Lynn's Food Stores* at 1354 (emphasis supplied).

### A. The Settlement Agreement is "Fair and Reasonable."

The Parties agree that the circumstances surrounding the settlement of Plaintiff's claims are fair and equitable and satisfy the statutory wage payment requirements of the FLSA. The Parties further agree that a settlement reached in litigation is more likely a reasonable compromise over statutory rights than a waiver of such rights.

The Agreement in this case resulted from extended negotiation whereby all Parties were represented by counsel. Plaintiff alleged how many hours that she allegedly worked and her estimated rate of pay to allow for a calculation of claimed damages. Based upon this information, the Parties negotiated regarding the possible wage exposure if Plaintiff were the prevailing party in this case. The Parties subsequently negotiated a settlement which provides 100% of Plaintiff's claimed damages and a reasonable attorneys' fee to Plaintiff's counsel for their work on this matter. Both Defendant and Plaintiff understand the terms of the settlement and attest to the reasonableness of such terms.

### B. The Settlement Agreement Reflects the Resolution of a Bona Fide Dispute Between the Parties.

At the initiation of this litigation, there existed a bona fide dispute between the Parties as to the claimed hours worked by Plaintiff, the regular rate of pay associated with the claimed hours allegedly worked by Plaintiff, and Defendant's compliance with the FLSA.  Specifically, Plaintiff claimed that Defendant failed to properly pay her straight wages pursuant to the FLSA, and Defendant asserted that it did properly pay Plaintiff for all hours worked pursuant to the FLSA.  Defendant denies that Plaintiff worked any uncompensated time.  Thus, the Parties have demonstrated that the settlement is a fair and reasonable means by which to amicably settle a bona fide dispute in a litigated proceeding.

### C. Conclusion

For the foregoing reasons, the Parties jointly request that the Court enter an Order approving the Agreement and dismissing this action in its entirety with prejudice, with each party to bear their own costs.

THIS WILL CERTIFY THAT ALL PARTIES HAVE AGREED TO THE ABOVE.  FURTHER, THE PARTIES HAVE AGREED THAT JOSH C. HARRISON WILL E-FILE THE FOREGOING *JOINT MOTION FOR APPROVAL OF SETTLEMENT AND STIPULATION OF FACTS AND SUPPORTING MEMORANDUM OF LAW*.

Respectfully submitted this 17th day of August, 2017.

| s/ Teri Ryder Mastando | s/ Josh C. Harrison |
|---|---|
| Teri Ryder Mastando | Christopher W. Deering |
| Eric J. Artip | Josh C. Harrison |
| D. Anthony Mastando | Ogletree, Deakins, Nash, Smoak |
| MASTANDO & ARTRIP, LLC | & Stewart, p.c. |
| 301 Washington Street, Suite 302 | 420 20th Street North, Suite 1900 |
| Huntsville, Alabama 35801 | Birmingham, AL 35203 |
| Phone: (256) 532-2222 | Ph. 205.328.1900 |
| Fax: (256) 513-7489 | Fax 205.328.6000 |
| teri@mastandoartrip.com | chris.deering@ogletree.com |
| artrip@mastandoartrip.com | josh.harrison@ogletree.com |
| **ATTORNEYS FOR PLAINTIFF** | **ATTORNEYS FOR DEFENDANT** |

## CERTIFICATE OF SERVICE

I hereby certify that on August 17th, 2017, I electronically filed the foregoing *Joint Motion for Approval of Settlement and Stipulation of Facts and Supporting Memorandum of Law* with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:

> Teri Ryder Mastando
> Eric J. Artip
> D. Anthony Mastando
> **MASTANDO & ARTRIP, LLC**
> 301 Washington Street, Suite 302
> Huntsville, Alabama 35801
> Phone: (256) 532-2222
> Fax: (256) 513-7489
> teri@mastandoartrip.com
> artrip@mastandoartrip.com
>
> s/ Josh C. Harrison
> Of Counsel